**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **PAMELA DE FIGARELLI,** | ) | |
| | ) | **Case No. 0:23-cv-60437** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEWREZ, LLC d/b/a** | ) | |
| **SHELLPOINT MORTGAGE SERVICING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, PAMELA DE FIGARELLI, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      PAMELA DE FIGARELLI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Weston, County of Broward, State of Florida.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.      NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, (hereinafter, "Defendant") is a business entity that services mortgage loans within the state of Florida. Defendant's principal place of business is located in the State of South Carolina.   Defendant is incorporated in the State of Florida.

7.      At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

**IV.    ALLEGATIONS**

8.      At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.      Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10.      Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11.      The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendant.   Specifically, Plaintiff asserts that aforementioned loan was placed in a forbearance offered by Defendant under the CARES Act. (hereinafter "the inaccurate information").

12.     Subsequent to Plaintiff's forbearance under the CARES Act, Plaintiff was to begin repaying her loan by first making three (3) monthly payments of $1,898.20 starting in October of 2021.  After three payments, she would enter her regular payment schedule.

13.     Plaintiff made each of her payments as required by Defendant, and then continued to pay her loan on time.

14.     As part of the CARES Act forbearance agreement, Defendant agreed that there would be no negative credit reporting for missed payments during the forbearance period.

15.     Plaintiff, at all times, complied and continues to comply with the repayment arrangement since the end of his forbearance period.

16.     Despite the forgoing, Defendant has disseminated information that beginning in October of 2021 when Plaintiff began repaying her loan, Plaintiff was thirty (30) days late in October of 2021, sixty (60) days late in November of 2021, ninety (90) days late in December of 2021, one hundred and twenty (120) days late in January of 2022 and one hundred and fifty (150) days late in February of 2022.

17.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

18.     Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19.     On October 26, 2022, Plaintiff disputed the inaccurate information with the credit reporting agencies, Equifax Information Services, Inc (hereinafter, "Equifax") and Experian Information Solutions, Inc, (hereinafter,   "Experian") by written communication to their

respective representatives and by following the aforementioned reporting agencies' established procedures for disputing consumer credit information.

20.    Furthermore, Plaintiff enclosed documents and other information with her dispute to the credit reporting agencies that either proved that the disputed information contained within her credit reports was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

21.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

22.    Defendant received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

23.    Upon information and belief, Defendant received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

24.    Upon information and belief, Defendant received from Equifax additional information and documentation that Equifax had received from Plaintiff relative to and in support of Plaintiff's dispute.

25.    Defendant then and there owed Plaintiff a duty to assist the Equifax in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

26.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

27.    Defendant received notification from Experian that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

28.     Upon information and belief, Defendant received from Experian, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

29.     Upon information and belief, Defendant received from Experian additional information and documentation that Experian had received from Plaintiff relative to and in support of Plaintiff's dispute.

30.     Defendant then and there owed Plaintiff a duty to assist Experian in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

31.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued to publish and disseminate such inaccurate information to various credit reporting agencies.

32.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above dispute as required by the FCRA, has failed to remove and/or correct the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

33.     Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

34.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

35.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

36.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d.  Willfully and negligently failing to properly participate, investigate and comply with the investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

38.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual

and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.   JURY DEMAND

39.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAMELA DE FIGARELLI, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00;

c.   Punitive damages;

d.   Plaintiff's attorneys' fees and costs; and,

e.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**PAMELA DE FIGARELLI**

By: ___ s/ David M. Marco _____
Attorney for Plaintiff

Dated: March 8, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, Florida 34240
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com